IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. MCAFEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 2339 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff Michael McAfee's ("Plaintiff") claims for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Title II and Title VXI of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security, which this Court will construe as a motion for summary judgment, is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

I. **Procedural History**

Plaintiff filed an application for DIB and SSI on August 6, 2012, alleging a disability onset date of January 1, 2010, due to a heart condition, high blood pressure and back pain. (R. 192–201, 224.) His initial application was denied on November 14, 2010, and again at the reconsideration stage on April 3, 2012. (R. 71–87, 88–105.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on May 31, 2013. (R. 131–133.) The hearing was held on July 15, 2014. (R. 30–70.) Plaintiff appeared at the hearing represented by counsel and offered testimony. (*Id.*) A vocational expert also appeared and offered testimony. (*Id.*) On August 28, 2014, the ALJ issued a partially favorable written decision, finding Plaintiff became disabled on June 15, 2014. (R. 10–29.) The Appeals Council ("AC") denied review on December 28, 2015, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

II. **The ALJ Decision**

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of January 1, 2010. (R. 16.) At step two, the ALJ concluded that Plaintiff had severe impairments of obesity, coronary artery disease status post myocardial infarction, and osteoarthritis of the left knee. (*Id.*) The ALJ concluded at step three that Plaintiff's impairments, alone or in

combination, did not meet or medically equal a Listing. (R. 17.) The ALJ then determined that Plaintiff retained the RFC to perform light work, with the following limitations: He should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation. (*Id.*) The ALJ concluded at step four that Plaintiff could not perform any past relevant work. (R. 22.)

Then, the ALJ found that on June 15, 2014 Plaintiff's age category changed to an individual of advanced age. (R. 23.) At step five, the ALJ determined that prior to June 15, 2014, based upon Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (*Id.*) However, beginning on June 15, 2014, the ALJ found that based on Plaintiff's age, education, work experience and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. (R. 24.) This lead to a finding that Plaintiff was not disabled prior to June 15, 2014, but became disabled on that date and has continued to be disabled since that date under the Act. Plaintiff seeks review only of the portion of the ALJ's decision that was unfavorable, the question of disability from the alleged onset date of January 1, 2010 through June 14, 2014. [Doc. No. 17 at 1.]

## DISCUSSION

**I.     ALJ LEGAL STANDARD**

Under the Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

3

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, or resolving conflicts in evidence. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions ... and must adequately articulate his analysis so that we can follow his reasoning...."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the

Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron*, 19 F.3d at 333; *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

## III. ANALYSIS

Plaintiff asserts the following errors on appeal: (1) the ALJ failed to give the appropriate weight to examining doctors; (2) the ALJ failed to consider Plaintiff's obesity in combination with his other impairments; and (3) the ALJ's assessment improperly placed limitations on Plaintiff's exposure to fumes and pulmonary irritants without supporting evidence. For the reasons that follow, this matter is remanded for further proceedings consistent with this Opinion.

### A. Opinion Evidence

Plaintiff first argues that the ALJ erred by giving "great weight" to the state agency medical consultants, Ernst Bone, M.D. and Julio Pardo, M.D., and only "some weight" or no indication of weight to Plaintiff's examining doctors, Valerie Voss, M.D. and Kimberly Middleton, M.D., respectively. [Doc. No. 17, at 11–14.] Plaintiff argues that this was improper because state agency medical consultants, Dr. Ernest Bone, M.D., and Dr. Julio Pardo, M.D., only considered ischemic heart disease as a severe impairment, while the ALJ found that Plaintiff had severe

6

impairments of obesity, coronary artery disease status post myocardial infarction, and osteoarthritis of the left knee.

It is for the ALJ to determine which doctor to credit in instances where conflicting medical evidence exists. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) (citing *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996)). The Social Security regulations set forth a hierarchy of medical opinion testimony for treating, examining, and non-examining physicians. *See* 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 404.1513. In general, opinions from treating sources with treating relationships are given the most weight.[2] 20 C.F.R. § 404.1527(c)(2). Opinions from examining sources are usually given more weight than medical opinions from non-examining sources. 20 C.F.R. § 404.1527(c)(1), (e). The key requirement is that the ALJ must explain what specific weight, if any, all these opinions should be given after explicitly analyzing what the Seventh Circuit refers to as "the checklist" of factors. 20 C.F.R. § 404.1527(e); *Larson v. Astrue*, 615 F.3d, 744, 751 (7th Cir. 2010).

These factors include: the examining relationship; the treatment relationship (length of the relationship and the frequency of examination, as well as the nature and extent of the relationship); the amount of evidence that supports the opinion; the consistency of the opinion with the record as a whole; the specialty of the opining source, if any; and any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ must consider the entire record,

---

[2] The Court notes that it is undisputed that there are no treating physician opinions in the record. However, the record includes records from doctors who examined Plaintiff which includes Dr. Middleton and Dr. Voss.

7

including those portions of the record that do not support the ALJ's ultimate determination. *Scrogham*, 765 F.3d at 697.

### 1. Dr. Middleton

Dr. Middleton examined Plaintiff for an independent medical exam on September 21, 2012 and prepared a report detailing the results of Plaintiff's examination. (R. 391–398.) The ALJ selectively summarized the report and did not indicate what weight was given, nor did the ALJ address the significant portions that related to Plaintiffs claim. For example, Dr. Middleton opined that Plaintiff is extremely dyspneic, morbidly obese and has uncontrolled blood pressure and advised Plaintiff to seek medical attention due to his high risk status. (R. 398.) Dr. Middleton further opined Plaintiff appeared ill due to cardiac disease and that as a result of Plaintiff's overall condition, it would be difficult for Plaintiff to perform gainful work. (*Id*.) The ALJ's failure to address this relevant information amounts to improper cherry-picking of the evidence. *See Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000) (explaining that ALJs may not selectively cherry-pick facts that support their conclusions while ignoring contrary lines of evidence.)

The Commissioner concedes that the ALJ did not specifically discuss the weight given to the opinion of Dr. Middleton. [Doc. No. 22 at 7.] The Commissioner contends, however, that this is not reversible error because the ALJ instead discussed the weight given to Dr. Voss' opinion, which was "similar" to Dr. Middleton's opinion. [*Id*.] The Commissioner appears to be implying, without any cited authority, that since the ALJ gave weight to one doctor, that weight can then

8

be imputed to a separate doctor's opinion. The Court finds this argument is without merit.

Because the ALJ did not analyze this evidence, the Court cannot determine whether the ALJ credited this evidence but found it not persuasive enough or instead discounted it for some unstated reason. This would have been important since it is obvious from the record that Dr. Middleton's opinions are distinct and different from both Dr. Pardo and Dr. Bone's opinions. Dr. Pardo and Dr. Bone both had access to Dr. Middleton's records, yet is not clear what they interpreted from her findings. The ALJ did not address the apparent discrepancy between the reports; rather, she erred by taking the part of the report that favored her opinion and ignoring the part that did not. *Scrogham,* 765 F.3d at 695*; Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir.2009) ("It is not enough for the ALJ to address mere portions of a doctor's report.")

**2. Dr. Voss**

Dr. Voss examined Plaintiff on March 19, 2013 and prepared a report detailing the results of the examination. (R. 402–406.) Dr. Voss's opined that Plaintiff "is unable to ambulate long distances due to [shortness of breath] which could be due to [congestive heart failure] vs [chronic obstructive pulmonary disease] given his cardiac and smoking histories. His low back pain limits his ambulation, lifting, and standing due to daily moderate to severe pain."[3] (R. 405.) The ALJ gave "some weight" to Dr. Voss's report. (R. 21.) The ALJ acknowledges that Dr. Voss

---

[3] Dr. Voss's treatment notes utilize common medical abbreviations to describe Plaintiff's symptoms. For clarity, the Court has replaced those abbreviations with their full medical terms. *Stedman's Pocket Medical Abbreviations*, (2006).

9

examined Plaintiff on one occasion and that Dr. Voss concluded Plaintiff's impairments limited his ability to lift, stand or walk, and that his behavior during the exam indicated he was incapable of handling his own funds. (*Id*.) The ALJ then stated that her reason for not giving Dr. Voss's opinion more weight was because "she did not quantify [Plaintiff's] limitations, which makes her exact opinion as to [Plaintiff's] limitations unclear." (R. 21.)

The ALJ further attempts to support her reasoning for offering Dr. Voss's opinion less weight than Dr. Bone and Dr. Pardo by stating that Dr. Bone and Dr. Pardo had the advantage of reviewing additional evidence prior to forming their opinions. (R. 21.) Also, she states Dr. Bone and Dr. Pardo provided a function by function analysis in their assessments and have specialized knowledge of the Social Security Administration's disability program. (*Id*.) The ALJ then states that the medical record supports the state agency consultants' opinions that Plaintiff is able to perform light work because Plaintiff was non-compliant with his cardiac medications although his condition would improve significantly with medication. (*Id*.) Additionally, the ALJ states that the record indicates that Plaintiff was able to ambulate without assistance. (*Id*.)

The ALJ's explanation for why greater weight was given to the state agency doctors' opinions is unpersuasive. Specifically, the records and opinions of Dr. Middleton and Dr. Voss contradict the ALJ's conclusion yet she fails to discuss why she discounted that evidence. For example, Dr. Middleton and Dr. Voss both indicated that Plaintiff had difficulty ambulating based on his condition. (R. 398,

10

405.) Further, Dr. Middleton made a note stating Plaintiff was not being compliant with medication because he could not afford it. (R. 396.) The ALJ fails to address these contradictions in her analysis. "An ALJ cannot recite only the evidence that supports his conclusion while ignoring contrary evidence." *See Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016).

The ALJ says nothing about the substance of Dr. Pardo and Dr. Bone's opinions and fails to show what additional evidence they were privy to that Dr. Middleton and Dr. Voss were not. It is unclear from the ALJ's decision whether Dr. Pardo and Dr. Bone's opinions are supported by substantial evidence. The ALJ must articulate at some minimal level her analysis of the evidence. *Herron*, 19 F.3d at 333 (7th Cir. 1994.)

**B. Issues to be Considered on Remand**

Having concluded that remand is necessary to rectify problems in the ALJ's analysis of the examining physicians' opinions, the Court need not resolve Plaintiff's additional arguments. However, for the sake of completeness, and to help ensure that the Commissioner's decision on remand is free from unnecessary errors, the Court notes that the following issue should also be addressed on remand.

Plaintiff also argues that the ALJ failed to consider Plaintiff's obesity in combination with his other impairments. An ALJ must consider the effects of obesity in determining whether a claimant's impairments meet or equal a listing. *See* SSR 02-1p, 2002 WL 34686281, at *3. Under the ruling, "the ALJ must specifically address the effect of obesity on a claimant's limitations." *Villano v.*

*Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). Obesity can, alone or in combination with other impairments, medically equal a listing, resulting in a finding of disability. *See* SSR 02-1p, 2002 WL 34686281. In this case, the ALJ noted that he found Plaintiff's obesity to be a severe impairment, after which she stated "These considerations have been taken into account in reaching the conclusions herein at the 2nd through 5th steps of the sequential disability evaluation process." (R. 17.) However, the ALJ did not explicitly discuss Plaintiff's obesity further in the opinion. The Court suggests that the ALJ explicitly make clear in her decision how Plaintiff's obesity was taken into account.

As for Plaintiff's remaining arguments, the Court expresses no opinion but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles*, 582 F.3d at 678 ("On remand, the ALJ should consider all the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994). The Commissioner should not assume that any other claimed errors not discussed in this Order have been adjudicated in her favor. On remand, the Commissioner therefore must carefully articulate her findings as to every step.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                 **ENTERED:**

*Maria Valdez*

**DATE:**    **December 15, 2017**         _____
                                                               **HON. MARIA VALDEZ**
                                                               **United States Magistrate Judge**